JOHN ROGERS AND OTHERS, RESPONDENTS, *v.* MERRITT F. SMITH, AS SUPERVISOR OF THE TOWN OF GREENWOOD, AND OTHERS, APPELLANTS.

*Chapter* 638 *of* 1874 —*power of legislature to render valid, bonds issued without compliance with statutory requirements* — *Article* 8, § 11, *of amended Constitution* — *not retrospective.*

Chapter 638 of 1874, providing that the bonds of the town of Greenwood, issued by the commissioners therein named, should be legal debts and obligations against said town, is constitutional and valid.

Its validity is not affected by the fact that the Court of Appeals had previously decided that the county judge had acquired no jurisdiction of the proceedings in which the commissioners were appointed by reason of the petition's being defective in not stating that the railroad company was a corporation in this State.

Section 11 of article 8 of the amended Constitution, prohibiting any county, city, etc., from issuing bonds to any corporation, does not operate retrospectively.

APPEAL from an order continuing an injunction, in an action to restrain the commissioners and supervisor of the town of Greenwood, county of Steuben, from proceeding for the purpose of levying a tax to pay coupons or interest on bonds issued by the town.

On September 5th, 1872, the county judge of Steuben county, upon a petition duly presented to him, appointed the defendants

Brundage, Ersley and O'Hargan, commissioners, and authorized and directed them to issue bonds of the town of Greenwood to the amount of $30,000, and to invest them or their avails in the stock of the Rochester, Hornellsville and Pine Creek Railroad Company. The commissioners, on 26th September, 1872, issued that amount of bonds, and they were, on the same day, registered in the office of the clerk of that county, and invested in and exchanged for an equal amount of the capital stock of said railway company. On the 30th September, 1872, upon the application of one Rogers, as relator, a writ of *certiorari* to review the proceedings had before the county judge was issued, directed to such county judge. The adjudication of the county judge was affirmed by the judgment of the General Term of this court, and was reversed by the Court of Appeals, upon the ground that the petition did not contain the statement that the railroad company was a corporation of this State. (55 N. Y., 1.) Afterward, by act of the legislature, the order or adjudication of the county judge appointing the commissioners to issue the bonds referred to, and the action of the commissioners, were ratified, confirmed, and declared legal and valid; and the bonds thus issued were declared legal obligations, and the commissioners were authorized to discharge their further duties as such. (See Laws 1874, chap. 638.) This action was afterward brought in the names of four of the tax-payers of the town of Greenwood, and the preliminary injunction order, after a hearing had (upon which the record of the adjudication of the county judge, the papers and proofs upon which it was made, and the act above referred to by the legislature, were produced), was continued. From this order the defendants appeal.

*George B. Bradley*, for the appellants. The act of the legislature (chap. 638, Laws 1874) was effectual to render the commissioners legal officers, their action valid, and the bonds by them issued subsisting obligations. (*Bank of Chenango* v. *Brown*, 26 N. Y., 467; *The People* v. *Mitchell*, 35 id., 551; *Butler* v. *Palmer*, 1 Hill, 324; *Town of Guilford* v. *Supervisors of Chenango Co.*, 3 Kern., 143; *Thomson* v. *Lee County*, 3 Wall., 327; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y., 179; reversing S. C., 46 Barb., 294.)

*William Rumsey*, for the respondents. This action may be maintained by the tax-payers, to set aside the bonds. That the town may maintain such an action is well settled. (*Town of Venice* v. *Breed*, 1 N. Y. S. C., 130.) The statute of 1872 (Laws of 1872, chap. 161, p. 467) authorizes tax-payers of a municipal corporation to maintain such an action. (*Ayers* v. *Lawrence*, MS. Court of Appeals.) The law of 1874 does not validate these bonds. The adjudication of the county judge, after the reversal, was gone, utterly annihilated and expunged. (*Mead* v. *Mead*, 18 Barb., 578.) The proceedings of the county judge were *coram non judice* — void from the beginning. No one had any authority to act, and no rights could be acquired under them. (*People* v. *Spencer*, 55 N. Y., 1, 7; *Dobson* v. *Pearce*, 12 id., 156, 164; *Harrington* v. *People*, 6 Barb., 607, 610.) Therefore, no one could be a *bona fide* holder of them, for every man who took the bonds took them with notice of what was in the judgment record, and that the petition was defective, and he was bound, at his peril, to ascertain whether the statute authorizing their creation had been complied with. (*Pearce* v. *M. and I. R. R. Co.*, 21 How. [U. S.], 441–443; *Starin* v. *Town of Genoa*, 23 N. Y., 439; *Town of Venice* v. *Breed*, 1 N. Y. S. C., 130; *Floyd Acceptances*, 7 Wall., 666, 676; *Marsh* v. *Fulton Co.*, 10 id., 676, 683.) The legislature cannot, by retrospective legislation, make valid proceedings which had been had in the courts, but which were void for want of jurisdiction. (Cooley's Const. Lim., 107, 108, note 1, 383; *Denny* v. *Mattoon*, 2 Allen, 361; *McDaniel* v. *Cornell*, 19 Ill., 226; *Mayor, etc., of Baltimore* v. *Horn*, 26 Md., 194; *People* v. *Supervisors*, 16 N. Y., 424, 432.) The legislature could not compel the town to issue its bonds and invest in the stock of this railroad. (*People* v. *Batchelor*, 53 N. Y., 128; *Richland* v. *Lawrence*, 12 Ill., 1–7.) The State cannot make a contract for it. (Dillon on Mun. Corp., § 43; *People* v. *Mayor of Chicago*, 51 Ill., 17; 2 Am., 278, 286; *Sharpless* v. *Mayor*, 21 Penn. St., 148, 165.) It cannot compel the corporation to invest its money in the stock of a railroad company. (*Sweet* v. *Hulbert*, 51 Barb., 312, 317; *Clarke* v. *Rochester*, 24 id., 473; *People* v. *Batchelor*, 53 N. Y., 128, 140, 141.)

GILBERT, J.:

The legal effect of the statute (Laws 1874, chap. 638) is to render the bonds in question valid and effectual securities. No doubt

of the competency of the legislature to pass the statute is felt by us. They had the power originally to prescribe the terms and conditions on which the commissioners should be appointed and should be authorized to issue the bonds. The same power is clearly sufficient to uphold an act whereby a part of the terms and conditions so prescribed has been remitted. In other words, a ratification by the legislature of acts already done, is equivalent to an original authority to do the same acts. The fact that the Court of Appeals has adjudged that the county judge did not acquire jurisdiction of the proceedings under which the bonds were issued, does not affect the question before us. The defect arose from no lack of power in the legislature, but from an omission of the petitioners to state in their petition, that the railroad company, in aid of which the bonds were to be issued, was a corporation *in this State*. (*People ex rel. Rogers* v. *Spencer*, 55 N. Y., 1.) A judicial determination that the acts were void because they were not within the authority originally granted, in no sense impairs the power of the legislature to cure the defective proceedings by declaring them to be valid. The legislative will governs in both instances. (*People ex rel. Alb. and Sus. R. R. Co.* v. *Mitchell*, 35 N. Y., 551; *People* v. *Williams*, 3 N. Y. S. C. [Thomp. & Cook], 342; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y., 194.)

The recent amendment of the Constitution (art. 8, § 11), prohibiting any county, city, town, or village from loaning its credit to, or becoming the owner of stock in any corporation, does not operate retroactively.

For these reasons, we think the order appealed from is erroneous, and should be reversed with costs.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Order reversed, with ten dollars costs.